Filed 3/15/22  P. v. Hernandez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077943 |
| v. | (Super. Ct. No.  FSB053198) |
| BENJAMIN HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Dismissed.

Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance from Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant Benjamin Hernandez appeals from a postjudgment order denying his Penal Code[1] section 1170.95 petition to vacate his second degree murder conviction and obtain resentencing relief under the procedures established by Senate Bill No. 1437. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a personal supplemental brief with this court and has not done so. As defendant has failed to file a supplemental brief raising any issues for our review, we shall dismiss the appeal.

II.

PROCEDURAL BACKGROUND

A jury found defendant guilty of second degree murder as an aider and abettor. (*People v. Rodriguez* (Sept. 28, 2010, E046636) at p. 8 [nonpub. opn.] (*Rodriguez*).); § 187, subd. (a).) The jury also found that defendant had used a deadly weapon, a shovel, in the commission of the crime. (§ 12022, subd. (b)(1).) The trial court sentenced defendant to 15 years to life in prison and imposed a consecutive one-year enhancement for the weapon use.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

On September 28, 2010, this court rejected defendant's contention that the evidence was insufficient to show he aided and abetted a codefendant in killing the victim, and affirmed the judgment. (See *Rodriguez*, *supra*, E046636, at pp. 2, 7-8, 12.)

On January 7, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.

On April 19, 2019, the trial court granted the People's motion to strike the petition, finding Senate Bill No. 1437 unconstitutional. We reversed the trial court's order in a nonpublished opinion on June 10, 2020, and remanded the matter for further proceedings under section 1170.95. (See *People v. Hernandez* (June 10, 2020, E072594) [nonpub. opn.].)

Following remand, the People filed a written informal response and opposition to defendant's petition. In support, the People attached our nonpublished opinion from defendant's direct appeal, case No. E046636, and the information. The People also requested that the trial court take judicial notice of the decision and files and records in the underlying trial, including the abstract of judgment and the jury instructions and verdict forms. Defendant did not file a brief in response to the People's informal response and opposition.

On September 3, 2021, the trial court (the same court that heard the underlying trial) held a prima facie hearing on the petition. Defendant was not present, but represented by appointed counsel (the same counsel that had represented defendant at trial) and waived defendant's presence. After recalling the facts of the case, the trial

court denied the petition because defendant "made an insufficient prima facie showing" he is entitled to relief pursuant to section 1170.95 and issued a written order on September 30, 2021.  In its written order, in pertinent part, the court explained:  "This Court finds substantial evidence was presented at trial that Benjamin Hernandez instigated the assault, was a major participant in the assault and acted with reckless indifference to human life, and aided and abetted in the murder of Jerry Ramirez." Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct an independent review of the record.  Counsel has raised the following issues: (1) whether defendant was found guilty under the felony murder rule or under the natural and probable consequences doctrine, and, if not, whether section 1170.95 applies to defendant; (2) whether the trial court prejudicially erred by conducting the prima facie hearing without defendant's presence and by failing to obtain a valid waiver of his right to be present at that hearing; and (3) whether the court violated section 1170.95, subdivision (c) by engaging in factfinding involving the weighing of evidence at the prima facie hearing.

4

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the petitioner does not file a supplemental brief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.) Some cases have explained that we have discretion to review the record independently for arguable issues and should do so in the interest of justice, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) or as a routine matter. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599 (but see dis. opn. of Menetrez, J.); *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274; *People v. Allison* (2020) 55 Cal.App.5th 449, 456.)

In this case, we conclude defendant is not entitled to *Wende* review of from the order denying his petition for resentencing relief under section 1170.95. Review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first

5

appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano*, *supra*, at p. 501.) Because defendant has not personally filed a supplemental brief, we will dismiss his appeal as abandoned.

## IV.

## DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
                    J.


RAPHAEL
                    J.

6